In the Matter of WILLIAM F. BAKER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 7, 1992

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Bond, Schoeneck & King,* Syracuse (*James Seeley* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, William F. Baker, was admitted to the practice

of law by this Court in 1950 and, prior to his retirement in September 1986, maintained an office in North Syracuse. In March 1991, the Grievance Committee of the Fifth Judicial District filed a petition charging respondent with violations of the Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) (conduct involving dishonesty); DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) (conduct adversely reflecting on fitness to practice law); DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3]) (failure to maintain complete records of, and to account for, clients' funds); DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]) (failure to promptly pay over clients funds); and 22 NYCRR former 1022.5 (a) (commingling). The petition alleged that respondent commingled/converted a series of Government checks that he received on behalf of an elderly and evidently incompetent client, Charles J. Newell. As amended, the petition alleged that, between March 1985 and September 1986, respondent deposited Newell's Social Security Administration and Veterans Administration checks totaling $28,556.16 into his firm's operating account, and that some of Newell's funds subsequently were used to pay respondent's office expenses. In response to the petition, respondent admitted that some of Newell's funds were mistakenly deposited into his operating account and were applied to office expenses as a consequence of respondent's "grossly negligent" banking and accounting practices and his failure to supervise his secretary. Respondent thus admitted to lax record keeping, commingling, and unfitness to practice, but denied that there was any knowing, willful conversion.

Following a reference on the charge of dishonesty, the Referee concluded, "Petitioner has failed to show that respondent's acts were deliberate acts or of a dishonest nature, and therefore the allegation of a violation of Disciplinary Rule 1-102 (A) (4) has not been sustained". Now, abandoning its allegation that respondent was guilty of conduct involving dishonesty, petitioner moves to confirm the Referee's findings and report and requests that we impose an appropriate sanction. Respondent cross-moves to confirm and to supplement the report. We grant petitioner's motion to confirm and grant respondent's cross motion insofar as it seeks to confirm the report, but deny the cross motion to add supplementary matter.

We do not disturb the Referee's finding that the misapplication of the client's funds was unknown to and unintended by respondent. Nevertheless, the record in this matter shows that respondent, over a period of many months, consistently failed

to adhere to his ethical obligations as an attorney. He is guilty of an egregious and unexcused failure to identify, preserve and repay his client's funds, to observe proper banking and accounting practices, and to supervise his office help. In view of the very serious and injurious nature of his misconduct, but taking into account the fact that he cooperated in the investigation of this matter and was not shown to be guilty of intentional dishonesty, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court.

DENMAN, P. J., CALLAHAN, BOOMER, GREEN and PINE, JJ., concur.

Order of suspension entered.